1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

JUAN MUNOZ,
CDCR #D-52837,

Civil No.    09cv1303 IEG (WMc)

12
13

Plaintiff,

**ORDER:**

14

vs.

**(1)  GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)
& 12(b)(6); AND**

15
16
17

M. FREDRICK; ROBERT J.
HERNANDEZ; E. CONTRERAS; R.
CONTRERAS; A. LAGDAAN; AND
J. RODRIGUAS,

**(2) DISMISSING DEFENDANTS R.
CONTRERAS AND J. RODRIGUAS
FOR FAILURE TO PROSECUTE
PURSUANT TO FED.R.CIV.P. 4(m)**

18
19

Defendants.

**[Doc. No. 16]**

20
21
22

## I.

23

### PROCEDURAL HISTORY

24

On November 24, 2009, Defendants filed a Motion to Dismiss Plaintiff's Complaint

25

pursuant to FED.R.CIV.P. 12(b) and 12(b)(6)  [Doc. No. 16].  Because Defendants moved, in

26

part, to dismiss Plaintiff's Complaint on  grounds that Plaintiff failed to exhaust administrative

27

remedies prior to suit pursuant to 42 U.S.C. § 1997e(a), the Court issued an Order providing

28

Plaintiff with Notice of Defendants' Motion pursuant to *Wyatt v. Terhune* and set a briefing

schedule.  (*See* Dec. 1, 2009 Order at 2-3.)  Plaintiff filed his Opposition [Doc. No. 32] to which Defendants Hernandez, E. Contreras, Fredrick and Lagdaan filed a Reply.  Defendants R. Contreras and J. Rodriguas have not yet appeared in this action.

## II.

### FACTUAL ALLEGATIONS

On July 15, 2008, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("Donovan").  (*See* Compl. at 3.)  Plaintiff attempted to speak to Correctional Officer Fredrick to request a cell move.  (*Id.*)  Defendant Fredrick "become agitated" and told Plaintiff to return to his cell.  (*Id.*)  Plaintiff "explained to Fredrick" that he had "problems with his [cellmate] and needed a cell move."  (*Id.*).  Defendant Fredrick then "escorted Plaintiff" to his cell.  (*Id.*)  As Plaintiff began to walk toward his cell, "Fredrick took his arm around [Plaintiff's] chest area, and slammed Plaintiff to the floor."  Plaintiff alleges he was then "punched and kicked" in the head by Defendant Fredrick.  (*Id.*)  Defendants Lagdaan, Rodriquez[1], and R. Contreras arrived and "helped Fredrick in assaulting the Plaintiff by punching and kicking the Plaintiff."  (*Id.*)  As a result, Plaintiff claims he suffered from "head trauma, bruises on the face, ear, neck, chest, and shoulder, and lasting pain on neck and back of head."  (*Id.*)

## III.

### REQUEST FOR JUDICIAL NOTICE

Defendants have filed a "Request for Judicial Notice" which they indicate is the "attached official record, consisting of a letter from the Victim Compensation and Government Claims Board (VCGCB) in response to Plaintiff's Juan Munoz's claim #G577884."  In reviewing the documents attached to this request, there is the letter as referred to by Defendants but there are an additional thirty five (35) pages of documents that Defendants fail to provide any authentication or statement about where these documents came from. Federal Rules of Evidence 201 provides, in part, that the Court may take judicial notice of facts that are "capable of

---

[1] Plaintiff refers to a "J. Rodriguas" and an "L. Rodriguez" but they appear to be the same person.  Regardless, neither of these Defendants have been served in this action.

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED.R.EVID. 201(b)(2). These documents appear to include documents from the California Department of Corrections and Rehabilitation but there is no supporting declarations authenticating these documents. Moreover, as stated in detail below, Defendants have the burden of proving that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. There appears to be documents relating to this defense in Defendants' request for judicial notice. However, as supported by the documents attached to Plaintiff's Opposition, Defendants failed to provide the entire record related to Plaintiff's attempts to exhaust his administrative remedies. Thus, the Court will **GRANT** Defendants' Request for Judicial Notice only as to the letter from the California Victim Compensation and Government Claims Board ("VCGCB") dated October 31, 2008 and **DENY** Defendants' Request for Judicial Notice as to all the remaining documents.

### III.

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

Defendants move to dismiss Plaintiff's claims for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

#### A.     Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)

Defendants argue that "Plaintiff has failed to provide documents that demonstrate that he exhausted his administrative remedies before filing suit, and on this basis alone, his Complaint must be dismissed." (Defs.' Mot. at 13.) Defendants, however, are applying the incorrect standard. The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).

/ / /

*Wyatt* also holds that non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d at 1119. This is a position with which the United States Supreme Court agrees and has held that "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 217 (2007).

While Defendants offer no details to support their position that Plaintiff failed to exhaust other than attach several documents without any reference in their Motion itself, it is clear that Plaintiff has properly exhausted his administrative remedies with respect to his Eighth Amendment claims. Attached to Plaintiff's Opposition is the Director's Level Appeal Decision dated April 20, 2009 regarding his claims that correctional officers used excessive force against him on July 15, 2008. (*See* Pl.'s Opp'n at 6.) Specifically, this document states "[t]his decision exhausts the administrative remedy available to the appellant within the CDCR." (*Id.* at 7.) Given that Defendants fail to rebut this document in their Reply to Plaintiff's Opposition, the Court finds that Defendants failed to provide any documentation or affidavit that would indicate that Plaintiff had not properly exhausted his administrative remedies. Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b) is **DENIED**.

## IV.

### DEFENDANTS' MOTION TO DISMISS PER FED.R.CIV.P. 12(b)(6)

**A.    Defendants' Arguments**

Defendants seek dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) on the following grounds that: (1) Plaintiff's State Law claims are not timely under the California Tort Claims Act; (2) Plaintiff has failed to state an Eighth Amendment claim against any of the named Defendants; (3) Defendants Hernandez and E. Contreras cannot be held liable under a theory of respondeat superior; and (4) Defendants are entitled to qualified immunity.

/ / /

/ / /

/ / /

**B.     FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972).  Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc*., 349 F.3d

1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

### C.    Eighth Amendment Excessive Force Claims

Defendants seek dismissal of Plaintiff's Eighth Amendment excessive force claims on the grounds that he has failed to adequately plead all the elements required to state an Eighth Amendment excessive force claim.  (Defs.' Mot. at 8-9.)  When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and wanton infliction of pain."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  To determine whether Plaintiff has satisfied the malicious and sadistic standard, the Court examines the following five factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by Defendants; and (5) any efforts made to temper the severity of a forceful response.  *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

Defendants argue that "Plaintiff has admitted he was outside of his cell and resisted reentry, which threatened the safety of the officers and the peace at the prison, and forced Defendant Fredrick to make a hasty decision."  (*See* Defs.' Mot. at 9, citing Pl.'s Compl. at ¶ 4-5.)  The facts as alleged in Plaintiff's Complaint found in the paragraphs cited by Defendants are as follows: (1) "On July 15, 2008 at Facility 3, Unit 11, RJD-Prison at approximately 3:00 p.m Plaintiff to talk to officer M. Fredrick regarding a cell move; (2) "Officer Fredrick became agitated, and directed me to go to my cell 11-150."  (Pl.'s Compl. at ¶¶ 3-4, pg. 3.)

The Court disagrees with Defendants' assertion that, based on the facts alleged, Plaintiff's request to speak to a correctional officer about a cell move "threatened the safety of the officers and the peace at the prison."  At this stage of the proceeding, the Court must look only to the allegations found in Plaintiff's Complaint.  Whether Plaintiff is able to prove these allegations at a later date, is an issue that can only be decided on a fully developed record.  In fact, the Court

has already made the determination that Plaintiff had sufficiently stated an Eighth Amendment excessive force allegation against Defendants Fredrick and Lagdaan.  (*See* July 6, 2009 Order at 5.)  Defendants have brought no credible argument that would change the determination of the Court that was previously made in the July 6, 2009 Order.  Defendants Fredrick and Lagdaan's Motion to Dismiss Plaintiff's Eighth Amendment Excessive Force Claims pursuant to FED.R.CIV.P. 12(b)(6) is **DENIED**.

### D. Respondeat Superior Claims

While Plaintiff names Defendant Hernandez, former Warden for Donovan, and E. Contreras, Associate Warden, as Defendants, he does not allege any specific allegations against these Defendants in the body of the Complaint.  Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Therefore, when a named defendant holds a supervisory position, a causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisor either: personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff has not alleged any facts which show that either Warden Hernandez or Associate Warden Contreras personally participated in the alleged deprivation of his Eighth Amendments, that they actually knew of any constitutional violations and failed to act to prevent them, or that they promulgated or implemented a policy so deficient that it repudiated Plaintiff's constitutional rights or was "the moving force" behind any Eighth Amendment violation. *Hansen*, 885 F.2d at 646.  Accordingly, Defendant Hernandez and E. Contreras' Motion to

1   Dismiss Plaintiff's claims against them is **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6) on

2   respondeat superior grounds.

3       **E.    Qualified Immunity**

4       Defendants also  seek dismissal of Plaintiff's Complaint on qualified immunity grounds.

5   Even if the Court finds that Plaintiff has sufficiently alleged a constitutional claim against

6   Defendants, Defendants seek qualified immunity on the grounds that they "would not have

7   believed that their conduct was unlawful in the situation confronted by these Defendants." (*See*

8   Defs.' Mot. at 14.)  There is no analysis in Defendants' Motion to support this argument.

9   "Government officials enjoy qualified immunity from civil damages unless their conduct violates

10   'clearly established statutory or constitutional rights of which a reasonable person would have

11   known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*,

12   457 U.S. 800, 818 (1982)).  When presented with a qualified immunity defense, the central

13   questions for the court are:  (1) whether the facts alleged, taken in the light most favorable to

14   Plaintiff, demonstrate that the Defendant's conduct violated a statutory or constitutional right;

15   and (2) whether the right at issue was "clearly established" at the time it is alleged to have been

16   violated.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Although *Saucier* originally required the

17   Court to answer these questions in order, the U.S. Supreme Court has recently held that "while

18   the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."

19   *Pearson v. Callahan*,__U.S. __, 129 S.Ct. 808, 818  (2009).

20       If the Court finds that Plaintiff's allegations do not make out a statutory or constitutional

21   violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*,

22   533 U.S. at 201.  Similarly, if the Court determines that the right at issue was not clearly

23   established at the time of the defendant's alleged misconduct, the court may end further inquiries

24   concerning qualified immunity without determining whether the allegations in fact make out a

25   statutory or constitutional violation.  *Pearson*, 129 S.Ct. at 818.

26       In this case, the Court has found that Plaintiff has not sufficiently alleged a constitutional

27   claim against Defendant Hernandez or Defendant E. Contreras  and thus, need not decide

28   whether these Defendants are entitled to qualified immunity as to those claims.  *Saucier*, 522

1   U.S. at 201.  However, the Court will address whether Defendants Fredrick and Lagdaan are

2   entitled to qualified immunity for Plaintiff's Eighth Amendment claims.

3        A right is "clearly established" when its contours are "sufficiently clear that a reasonable

4   official would understand that what he is doing violates that right." *Id.* at 202.  This does not

5   mean "that an official action is protected by qualified immunity unless the very action in

6   question has previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  Instead,

7   "in the light of pre-existing law[,] the unlawfulness must be apparent." *Id.*  The "salient

8   question" is whether the state of the law at the time gives officials "fair warning" that their

9   conduct is unconstitutional.  *Id.* at 740.  "This inquiry ... must be undertaken in light of the

10  specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 202;

11  *Crowell v. City of Coeur D'Alene*, 339 F.3d 828, 846 (9th Cir. 2003).

12       Here, in taking the facts in the light most favorable to Plaintiff, as they must be at this

13  stage of the proceedings, it is clear that Defendants are not entitled to qualified immunity as a

14  reasonable person would know that it was unlawful to use unnecessary force when Plaintiff was

15  not resisting and posed no threat to Defendants.  Moreover, this right to be free from cruel and

16  unusual punishment was clearly established at the time these events occurred.  *See Watts v.*

17  *McKinney*, 394 F.3d 710, 711 (9th Cir. 2005).  Accordingly, Defendant Fredrick and Lagdaan's

18  Motion to Dismiss Plaintiff's Eighth Amendment excessive force claims on qualified immunity

19  grounds is **DENIED**.

20       **F.      State Law Claims**

21       Finally, Defendants move to dismiss Plaintiff's pendent state law causes of action on the

22  grounds that he did not comply with the California Tort Claims Act ("CTCA") by filing a timely

23  notice of claim required by Cal. Gov't Code §§ 911.2, 945.6 and 950.2.

24       When defendants are public employees acting within the scope of their employment, as

25  all the Defendants named in this action are alleged to be, a plaintiff must first submit a written

26  claim to the public entity that employs them before filing a lawsuit seeking monetary damages

27  for violations of California law.  Cal. Gov't Code §§ 945.4, 950.2.  Under California law, these

28  claims procedures apply to prisoners.  *See* Cal. Gov't Code § 945.6(c).  The prisoner must file

his tort claim with the governmental entity as a condition precedent to the maintenance of an action under state law, even if it arises as a pendent claim in a civil rights suit filed in federal court under 42 U.S.C. § 1983. *See Karim-Panahi*, 839 F.2d at 627. The complaint must allege compliance with the claims procedure, and failure to make this allegation provides a basis for dismissal. *Id.*

Defendants contend that Plaintiff has failed to file a CTCA claim within the 6-month statute of limitations period, and he is therefore permanently barred from bringing a pendent state law claim in this action. Defendants submit a copy of the letter from the VCGCB rejecting Plaintiff's claim on October 31, 2008. (*See* Defs.' Req. for Judicial Notice at 2.) On October 31, 2008, the VCGCB notified Plaintiff in writing that his claim was rejected and he was cautioned "subject to certain exceptions, you only have six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim." (*Id.*) Thus, Defendants argue that Plaintiff should have filed this claim no later than May 1, 2009. (*See* Defs.' Mot. at 7, citing CAL. GOVT. CODE § 945.6.) Instead, Plaintiff filed this action on June 15, 2009 [Doc. No. 1]. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss and dismisses Plaintiff's state law claims for failing to timely file this action pursuant to California Government Code § 945.6.

## V.

### DISMISSAL OF REMAINING UNSERVED DEFENDANTS PER FED.R.CIV.P. 4(m)

Two Defendants have remained unserved in this action, Defendants R. Contreras and A. Rodriguas. Magistrate Judge William McCurine had previously ordered the Attorney General's Office to obtain the last known contact information for R. Contreras and Rodriguas from the California Department of Corrections and Rehabilitation ("CDCR") and provide this information to the U.S. Marshal in a confidential memorandum. (*See* Dec. 1, 2009 Order at 3.) On December 8, 2009, a representative from the California Attorney General's Office notified the Court that they were not representing any of the named Defendants in this action and they were not the custodian of the requested information. (*See* Resp. of Dep. Atty. General Michelle Des Jardins, dated Dec. 8, 2009 at 1-2.) It was suggested that Plaintiff contact the Department of

Corrections and Rehabilitation for the requested information or the State Personnel Board. (*Id.*) To date, Plaintiff's attempts to serve either Defendant via the U.S. Marshal have been unsuccessful. While "an incarcerated pro se litigant proceeding *in forma pauperis* is entitled to rely on the service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after it has been provided with the necessary information to effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).

Because Plaintiff has failed to serve these Defendants, Federal Rule of Civil Procedure 4(m) requires their dismissal. *See* FED.R.CIV.P. 4(m) (defendants must be served within 120 days after the filing of the complaint.); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). "In the absence of service of process (or waiver of service by the defendant)," under FED.R.CIV.P. 4, "a court ordinarily may not exercise power over a party the complaint names as a defendant." *Id.*

For these reasons, the Court hereby DISMISSES Defendants R. Contreras and J. Rodriguas from this action pursuant to FED.R.CIV.P. 4(m).

## VI.

### CONCLUSION AND ORDER

For all the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Dismiss Plaintiff's Complaint for failing to exhaust administrative remedies pursuant to FED.R.CIV.P. 12(b) [Doc. No. 16] is **DENIED**;

(2) Defendants' Motion to Dismiss Plaintiff's Complaint for failing to state an Eighth Amendment claim upon which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6) [Doc. No. 16] is **DENIED**;

(3) Defendants' Hernandez and E. Contreras' Motion to Dismiss Plaintiff's claims against them on respondeat superior grounds is **GRANTED**;

(4) Defendants' Motion to Dismiss Plaintiff's Complaint on qualified immunity grounds is **DENIED**;

1    (5)    Defendants' Motion to Dismiss Plaintiff's California state law claims is

2  **GRANTED**:

3    (6)    Defendants R. Contreras and J. Rodriguas are **DISMISSED** from this action for

4  failing to prosecute pursuant to FED.R.CIV.P. 4(m).

5    **IT IS FURTHER ORDERED THAT:**

6    (7)    Defendants Fredrick and Lagdaan shall file their Answer to the Eighth Amendment

7  excessive force claims remaining in Plaintiff's Complaint within fourteen (14) days of the date

8  this Order is "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

9

10

11  **DATED:  March 25, 2010**

12  **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28