1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JUAN MUNOZ,                                    Civil No.    09-1303 IEG (WMc)
     CDCR #D-52837,
12
                                    Plaintiff,
13                                                **ORDER DENYING PLAINTIFF'S**
                                                 **MOTION FOR APPOINTMENT OF**
14              vs.                               **COUNSEL**

15   M. FREDRICK, et al.,

16                                  Defendants.     **[ ECF No. 98]**

17

18

19

20

21          Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano,

22   California, and proceeding pro se, has filed an action pursuant to 42 U.S.C. § 1983.   Plaintiff

23   has now filed a second "Motion for Appointment of Counsel." [ECF No. 98].    "[T]here is no

24   absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*,

25   32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  "Title 28 U.S.C. § 1915(e)(1) permits the

26   district court, in its discretion, to 'request an attorney to represent any person unable to afford

27   counsel.'" *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C.

28   § 1915(e)(1)).  Such discretion may be exercised upon a showing of exceptional circumstances.

1    *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d

2    819, 823 (9th Cir. 1989). "To show exceptional circumstances the litigant must demonstrate the

3    likelihood of success and complexity of the legal issues involved." *Burns*, 883 F.2d at 823

4    (citation omitted).   Neither the likelihood of success nor the complexity of the case are

5    dispositive; both must be considered.  *Terrell*, 935 F.2d at 1017.

6         Here, it appears that at this stage of the proceedings, Plaintiff has a sufficient grasp of his

7    case, the legal issues involved, and is able to adequately articulate the factual basis of his claims.

8    Just recently, Plaintiff successfully moved to reopen this matter after judgment had been entered

9    on behalf of Defendants.  Under these circumstances, the Court DENIES Plaintiff's Motion for

10   Appointment of Counsel [ECF  No. 98] without prejudice at this time.

11        **IT IS SO ORDERED.**

12

13   **DATED:  April 1, 2011**

14   _____
     **IRMA E. GONZALEZ, Chief Judge**
15   **United States District Court**

16

17

18

19

20

21

22

23

24

25

26

27

28