# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MUNOZ,<br>CDCR #D-52837,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>M. FREDRICK; A. LAGDAAN<br><br>　　　　　　　　　　　　Defendants. | Civil No.　09cv1303 IEG (WMc)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT PURSUANT TO<br>FED.R.CIV.P. 56**<br><br>**[ECF No.73]** |

## I.

### STATEMENT OF THE CASE

Juan Munoz ("Plaintiff"), a state prisoner currently housed at Kern Valley State Prison located in Delano, California, is proceeding pro se and *in forma pauperis* with a Complaint filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.   Currently pending before the Court is Defendants' Fredrick and Lagdaan's Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 [ECF No.73].[1]

/ / /

---

[1]　While this case was randomly referred upon filing to the Honorable William McCurine, Jr., United States Magistrate Judge, for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that a Report and Recommendation regarding the disposition of the current pending Motion [Doc No. 73] is unnecessary. *See* S. D. CAL. CIVLR 72.3(a).

1

## II.

2

### PROCEDURAL BACKGROUND

3      Defendants Fredrick and Lagdaan, the sole remaining Defendants in this action, are

4 moving for summary judgment on all of Plaintiff's remaining claims pursuant to FED.R.CIV.P.

5 56.   On December 20, 2010, the Court advised Plaintiff of his rights and obligations to oppose

6 Defendant's Motion pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand*

7 *v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).[2]   Plaintiff later sought, and received, an

8 extension of time to file an Opposition to Defendants' Motion.   Plaintiff was given until

9 February 3, 2011 to file his Opposition.   *See* Jan. 7, 2011 Order at 1.   However, Plaintiff failed

10 to file an Opposition within that time frame.

11      On February 28, 2011, the Court granted Defendants' Motion for Summary Judgment.

12 *See* Feb. 28, 2011 Order.   However, on March 8, 2011, Plaintiff filed a Motion seeking leave to

13 vacate the judgment indicating that he was unable to file a timely Opposition due to difficulties

14 arising from prison lockdowns, as well as inability to access the prison's law library.   *See* Pl.'s

15 Mar. 8, 2011 Mtn at 1-2.   On March 9, 2011, the Court granted Plaintiff relief and vacated the

16 judgment entered on February 28, 2011.   *See* Mar. 9, 2011 Order at 1-2.   The Court directed the

17 Clerk of Court to file Plaintiff's proposed Opposition [ECF No. 90].   Defendants requested that

18 the Court reopen discovery in light of Plaintiff's reliance on the affidavit of a witness not

19 previously disclosed to Defendants.   This request was granted and Defendants were permitted

20 leave to reopen discovery for the sole purpose of taking the deposition of inmate Amos Garcia.

21

22

23      [2] *Klingele* and *Rand* together require the district court "'as a bare minimum, [to provide a pro
24 se prisoner] with fair notice of the requirements of the summary judgment rule.'" *Klingele*, 849 F.2d
at 411 (quoting *Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968)).   "It would not be realistic to
25 impute to a prison inmate ... an instinctual awareness that the purpose of a motion for summary judgment
is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting
26 counter affidavits is the equivalent of not presenting any evidence at trial." *Jacobsen v. Filler*, 790 F.2d
1362, 1364 n.4 (9th Cir. 1986) (internal quotation omitted).   Actual knowledge or any level of legal
27 sophistication does not obviate the need for judicial explanation. *Klingele*, 849 F.2d at 411-12.   Thus,
the district court is required to "tell the prisoner about his 'right to file counter-affidavits or other
28 responsive materials and [to][ alert] [him] to the fact that his failure to so respond might result in the
entry of summary judgment against him.'" *Jacobsen*, 790 F.2d at 1365 n.8 (quoting *Klingele*, 849 F.2d
at 411).

1  *See* April 1, 2011 Order at 1.  Defendants filed their Reply to Plaintiff's Opposition on June 24,

2  2011 [ECF No. 107].  This motion has now been fully briefed by all parties.

3          Having now exercised its discretion to consider the matter as submitted on the papers

4  without oral argument pursuant to S.D. CAL. CIVLR 7.1.d.1, the Court hereby **GRANTS**

5  Defendants' Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 for the reasons set

6  forth in detail below.

7                                                **III.**

8                                    **FACTUAL ALLEGATIONS**[3]

9          On July 15, 2008, Plaintiff was housed at the Richard J. Donovan Correctional Facility

10 ("Donovan").  (*See* Compl. at 3.)  Plaintiff attempted  to speak to Correctional Officer Fredrick

11 to request a cell move.  (*Id.*)  Defendant Fredrick "become agitated" and told Plaintiff to return

12 to his cell.  (*Id.*)  Plaintiff "explained to Fredrick" that he had "problems with his [cellmate] and

13 needed a cell move."  (*Id.*).  Defendant Fredrick then "escorted Plaintiff" to his cell.  (*Id.*)  As

14 Plaintiff began to walk toward his cell, "Fredrick took his arm around [Plaintiff's] chest area,

15 and slammed Plaintiff to the floor."  Plaintiff alleges he was then "punched and kicked" in the

16 head by Defendant Fredrick.  (*Id.*)  Defendants Lagdaan, Rodriquez, and R. Contreras[4] arrived

17 and "helped Fredrick in assaulting the Plaintiff by punching and kicking the Plaintiff."  (*Id.*)  As

18 a result, Plaintiff claims he suffered from "head trauma, bruises on the face, ear, neck, chest, and

19 shoulder, and lasting pain on neck and back of head."  (*Id.*)

20                                                **IV.**

21                         **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

22     **A.      Standard of Review**

23          Summary judgment is properly granted when "there is no genuine issue as to any material

24 fact and ... the moving party is entitled to judgment as a matter of law."  FED.R.CIV.P. 56(c).

25 _____

26     [3]  These factual allegations are taken from Plaintiff's Complaint and Plaintiff's Opposition.  To
   the extent that Defendants add additional facts or dispute the facts set forth by Plaintiff, the Court will
27 address those facts in the analysis set forth below.

28     [4]  Defendants Rodriquez and Contreras were dismissed from this action on March 25, 2010. *See*
   Mar. 25, 2010 Order at 12.

1    Entry of summary judgment is appropriate "against a party who fails to make a showing

2    sufficient to establish the existence of an element essential to that party's case, and on which that

3    party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4    The court shall consider all admissible affidavits and supplemental documents submitted on a

5    motion for summary judgment. *See Connick v. Teachers Ins. & Annuity Ass'n*, 784 F.2d 1018,

6    1020 (9th Cir. 1986).

7         The moving party has the initial burden of demonstrating that summary judgment is

8    proper. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). However, to avoid summary

9    judgment, the nonmovant cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794

10   F.2d 457, 459 (9th Cir. 1986). Rather, he must present "specific facts showing there is a genuine

11   issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court may not

12   weigh evidence or make credibility determinations on a motion for summary judgment. Quite

13   the opposite, the inferences to be drawn from the underlying facts must be viewed in the light

14   most favorable to the nonmoving party. *Id.* at 255; *United States v. Diebold, Inc.*, 369 U.S. 654,

15   655 (1962). The nonmovant's evidence need only be such that a "fair minded jury could return

16   a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 255. However, in

17   determining whether the nonmovant has met his burden, the Court must consider the evidentiary

18   burden imposed upon him by the applicable substantive law. *Id.*

19        A verified complaint or motion may be used as an opposing affidavit under FED.R.CIV.P.

20   56 to the extent it is based on personal knowledge and sets forth specific facts admissible in

21   evidence. *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam) (complaint);

22   *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998) (motion). To "verify" a

23   complaint, the plaintiff must swear or affirm that the facts in the complaint are true "under the

24   pains and penalties of perjury." *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995).

25   **B.    42 U.S.C. § 1983**

26        Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against

27   any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the

28

1    United States ... to the deprivation of any rights, privileges, or immunities secured by the

2    Constitution." *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004).

3         **C.    Evidentiary Objections**

4         Defendants object to Plaintiff's submission of an affidavit purportedly signed by inmate

5    Amos Garcia intended to support Plaintiff's allegations of excessive force in this matter.

6    Plaintiff has submitted this affidavit as an exhibit attached to "Plaintiff's Appendix for

7    Opposition to Defendant's Motion for Summary Judgment" [ECF No. 90]. Defendants took the

8    deposition of Amos Garcia who testified that he has never seen this affidavit and it is not his

9    signature on the affidavit. (*See* Declaration of Edgar R. Nield in Support of Defendants' Reply

10   to Plaintiff's Opposition to Motion for Summary Judgment, Ex. A., Deposition of Amos Garcia,

11   23:18 - 24:6.)

12        Rule 901(a) of the Federal Rules of Evidence requires, in part, "authentication or

13   identification as a condition precedent to admissibility." FED.R.EVID. 901(a). The foundation

14   for authenticating a document is "satisfied by evidence sufficient to support a finding that the

15   matter in question is what the proponent is saying." *Id.* Here, Amos Garcia has denied any

16   knowledge, under oath, of the affidavit that Plaintiff claims he received from Garcia. There is

17   no evidence provided by Plaintiff to authenticate this affidavit. In fact, it appears that Plaintiff

18   merely attaches this affidavit to his Opposition without even attempting to lay any foundation

19   as to its authenticity. Thus, the Court sustains Defendants' objection to the affidavit of Amos

20   Garcia and finds that it is inadmissible pursuant to Federal Rules of Evidence 901(a).

21        **D.    Eighth Amendment Excessive Force Claims**

22        Defendants Fredrick and Lagdaan move for summary judgment of Plaintiff's Eighth

23   Amendment excessive force claims which are the sole remaining claims in this action. The "core

24   judicial inquiry," when a prisoner alleges the excessive us of force under the Eighth Amendment,

25   is "not whether a certain quantum of injury was sustained, but rather "whether force was applied

26   in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause

27   harm." *Hudson v. McMillian*, 503 U.S. at 1, 7 (1992); *see also Whitley v. Albers*, 475 U.S. 312,

28   319-321, (1986). "When prison officials maliciously and sadistically use force to cause harm,"

the Supreme Court has recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident.  Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9.  Thus, "[i]n determining whether the use of force was wanton and unnecessary," the court must  "evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at  7 (internal quotation marks and citations omitted).

Any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be excessive.  *See Whitley*, 475 U.S. at 312.   "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

Plaintiff alleges in his verified Complaint[5] that Defendant Fredrick became "agitated" with Plaintiff when Plaintiff wanted to speak with him about a cell move.  (*See* Compl. at 3.) Plaintiff's allegations are somewhat inconsistent with regard to what happened next.  Initially, Plaintiff says that Defendant Fredrick escorted Plaintiff back to his cell and as "soon as plaintiff walk toward the cell Frederick took his arm around plaintiffs chest area, and slammed plaintiff to the floor." (*Id.*)  Later, on the same page, Plaintiff alleges that Defendant Frederick ordered Plaintiff to go back to his cell and when Plaintiff "turned around Fredrick in a state of anxiety slammed plaintiff to the floor." (*Id.*)   In his Opposition to Defendants' Motion, Plaintiff does not address this inconsistency.  Instead, he claims that Defendant Fredrick's actions were a result of Fredrick "over-reacting or bullying." (*See* Pl.'s Opp'n at 2.)

---

[5] Plaintiff's verified Complaint is the only filing before the Court that sets forth Plaintiff's version of the incidents which form the basis of this action.  In addition, Plaintiff did not answer any substantive questions at his deposition. *See* Def.'s Suppl. Briefing in Support of Motion for Summary Judgment [ECF No.84].

09cv1303 IEG (WMc)

Defendants submit the Declaration of an expert witness, Robert Glenn Borg, who opines in his declaration that he has reviewed the reports prepared by correctional officers following the incident and he finds that the use of force was necessary under the circumstances. (*See* Borg Decl. at ¶¶ 12, 28.) Specifically, he refers to the "Crime/Incident" report which indicates that Defendant Frederick was informing Plaintiff that he must return to his cell when "Mr. Munoz suddenly spun toward Mr. Frederick and began to move towards him." (*Id.* at ¶ 14.) Defendant Frederick "interpreted [Plaintiff's] actions as an attempted assault." (*Id.*) Defendant Frederick then "stepped to the side, grabbed [Plaintiff's] left shoulder, and used [Plaintiff's momentum to take him to the ground." (*Id.*) As for Defendant Lagdaan, Mr. Borg opines that he "utilized reasonable force to control [Plaintiff's] legs and feet while other responding staff arrived to help apply restraints to end the incident." (*Id.* at 28.)

Plaintiff offers no evidence and fails to point to any evidence in the record that would dispute Defendant Frederick's belief that Plaintiff was going to assault him. In fact, as stated above, the only evidence submitted by Plaintiff is his verified Complaint that offers factual inconsistencies as to what happened. Plaintiff first indicates that Defendant Fredrick used force while Plaintiff was walking into his cell but then he later states that the force was used after Plaintiff turned around and was facing Defendant Fredrick. (*See* Compl. at 3.) Even if Plaintiff were able to demonstrate that he did not intend to assault Defendant Frederick, he offers no evidence to contradict Defendants' assertion that they did not act with "malicious or sadistic" intent when they used forced to restrain Plaintiff. As stated above, to avoid summary judgment, Plaintiff cannot rest solely on conclusory allegations. *Berg*, 794 F.2d at 459. Rather, he must present "specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. 242, 256 (1986). Plaintiff refused to answer questions at his deposition and his Complaint, while verified, contains only threadbare factual allegations. Plaintiff's Opposition provides no further development of the factual record that would clarify any of the inconsistencies made by Plaintiff. Defendants have provided the expert testimony of Robert Borg who opines that neither Defendant used "excessive force against [Plaintiff]." (Borg Decl. at ¶ 23.) Plaintiff ignores the

1   expert opinion provided by which found the use of force reasonable when he claims "Defendants

2   have failed to prove that the use of force was necessary."  (Pl.'s Opp'n at 2.)

3          Plaintiff offers no argument, evidence or factual allegations to dispute the expert opinion

4   that the force used was necessary.  Accordingly, the Court finds that in viewing the facts in the

5   light most favorable to Plaintiff, there is no evidence in the record to show that Defendants acted

6   maliciously and sadistically for the very purpose of causing harm.  Defendants' Motion for

7   Summary Judgment as to all of Plaintiff's claims is **GRANTED**.

8                                              **V.**

9                                  **CONCLUSION AND ORDER**

10          For all the foregoing reasons, IT IS HEREBY ORDERED that:

11          Defendants' Motion for Summary Judgment [ECF No.73] pursuant to FED.R.CIV.P. 56

12   is **GRANTED**.  The Clerk of Court shall enter judgment for the Defendants and close the file.

13          **IT IS SO ORDERED.**

14   **DATED:  July 13, 2011**

15                                  **IRMA E. GONZALEZ, Chief Judge**

16                                  **United States District Court**

17

18

19

20

21

22

23

24

25

26

27

28